**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4951**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEFFREY LAWSON MCCORMICK,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, Senior
District Judge.  (6:13-cr-00011-NKM-RSB-1)

Submitted: March 24, 2015          Decided: March 31, 2015

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Helen Eckert Phillips, ALLEN, KOPET & ASSOCIATES, PLLC, Bristol,
Virginia, for Appellant.  Jean Barrett Hudson, Assistant United
States Attorney, Charlottesville, Virginia; Ashley Brooke Neese,
OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Lawson McCormick pled guilty to manufacturing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced McCormick to 166 months' imprisonment and also adjudged him permanently ineligible to receive federal benefits, pursuant to 21 U.S.C. § 862(a)(1)(C) (2012). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether McCormick was competent to plead guilty. McCormick filed a pro se supplemental brief, raising the same issue as counsel and other challenges to his conviction and sentence.

On review of the record, we directed the parties to submit supplemental briefs addressing whether the district court plainly erred by adjudging McCormick permanently ineligible to receive federal benefits. Conceding that the court plainly erred, the Government has moved to vacate McCormick's sentence and remand for resentencing. McCormick has consented to the remand. For the following reasons, we grant the Government's motion, affirm the conviction, affirm the sentence in part, vacate the portion of the sentence adjudging McCormick permanently ineligible to receive federal benefits, and remand for further proceedings.

Turning first to McCormick's conviction, both counsel and McCormick question whether McCormick was competent to plead guilty.[1] McCormick further argues in his pro se supplemental brief that the district court should have conducted a competency hearing before accepting his plea. Because McCormick did not move in the district court to withdraw his guilty plea, we review the adequacy of the Federal Rule of Criminal Procedure 11 hearing, including the sufficiency of the district court's inquiry into McCormick's competence, for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (explaining plain error review in guilty plea context).

It is axiomatic that, "[b]efore a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." Moussaoui, 591 F.3d at 291 (internal quotation marks omitted). "When a response in a plea colloquy raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly

---

[1] In his pro se supplemental brief, McCormick also challenges the validity of the search warrant and the legality of his post-arrest statement. We conclude that McCormick waived these challenges when he pled guilty. See United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("[T]he defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." (internal quotation marks omitted)).

and voluntarily." United States v. Nicholson, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). For McCormick to prevail on his claim, he "must establish that the trial court ignored facts raising a bona fide doubt regarding his competency," rendering the court's decision not to order a competency hearing an abuse of discretion. Moussaoui, 591 F.3d at 291 (internal quotation marks and brackets omitted).

We conclude that the district court did not abuse its discretion by accepting McCormick's plea without ordering a competency hearing. When McCormick indicated that he was taking several medications, the court fulfilled its obligation by ensuring that those medications were not affecting McCormick's ability to think clearly or make decisions. See Nicholson, 676 F.3d at 382 ("With a medicated defendant, a court should ascertain the effect, if any, of the medication on his ability to enter a knowing and voluntary plea."). Moreover, when the court discovered that McCormick had been treated for alcohol and narcotic addiction, it confirmed that McCormick was not currently under the influence of drugs or alcohol. While McCormick did state that he was feeling "a little slouchy," that description related to his physical condition and not his ability to understand the proceedings. Finally, although McCormick claims on appeal that his liver conditions caused him to be unable think clearly and that he was depressed and under

4

the influence of heroin at the time of his plea, he neither advised the court of these impairments at the time of the Rule 11 hearing nor moved to withdraw his plea on the ground that he was incompetent to enter it (or on any ground at all).

Next, we review McCormick's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We find no merit to McCormick's challenges to his sentence raised in his pro se supplemental brief. Specifically, we conclude that the court's observation that McCormick would be near the end of his life when he was released from prison, considering the severity of his health conditions, in no way suggests that the court was biased against McCormick. Also unavailing is McCormick's challenge to sentencing enhancements recommended by the probation officer based on specific offense characteristics; McCormick's Sentencing Guidelines range was not calculated based on these enhancements, but on his status as a career offender. Finally, we find no evidence to support McCormick's claim that the Government breached the plea agreement.

We agree with the parties, however, that the district court plainly erred by adjudging McCormick permanently ineligible to receive federal benefits. Section 862(a)(1)(C) provides that "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances

5

shall . . . upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits." 21 U.S.C. § 862(a)(1)(C) (emphasis added). Because distribution is not an element of the offense to which McCormick pled guilty, we conclude that the district court plainly erred by adjudging McCormick permanently ineligible for federal benefits.

In accordance with Anders, we have reviewed the entire record and have found no other meritorious grounds for appeal. We therefore grant the Government's motion, affirm the conviction, affirm the sentence in part, vacate the portion of the sentence adjudging McCormick permanently ineligible to receive federal benefits, and remand for further proceedings.[2] We also direct the district court to correct the judgment to reflect that McCormick pled guilty to manufacturing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. See Fed. R. Crim. P. 36.

This court requires that counsel inform McCormick, in writing, of his right to petition the Supreme Court of the United States for further review. If McCormick requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to

---

[2] On remand, the district court may assess whether denial of federal benefits is appropriate under another subsection of 21 U.S.C. § 862.

6

withdraw from representation.  Counsel's motion must state that a copy thereof was served on McCormick. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
