**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 16-4232**

————————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANTHONY TAYLOR,

          Defendant - Appellant.

————————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:15-cr-00046-H-1)

————————————

Submitted:  September 7, 2017          Decided:  September 28, 2017

————————————

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

————————————

Affirmed in part and vacated in part by unpublished per curiam opinion.

————————————

Sharon Leigh Smith, UNTI & SMITH, PLLC, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Taylor appeals his conviction and 188-month sentence for conspiracy to distribute and possess with the intent to distribute heroin, cocaine base, marijuana, and cocaine. We affirm the conviction but vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the appellate materials and argument would not aid the decisional process.

Taylor's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the appeal waiver in Taylor's plea agreement was knowing and voluntary, whether Taylor received ineffective assistance of counsel, and whether the record contains evidence of prosecutorial misconduct. The Government has not sought to enforce the appeal waiver, and the appellate record contains no evidence of ineffective assistance of counsel or prosecutorial misconduct. Accordingly, we find no merit to the issues raised in counsel's *Anders* brief.

In accordance with *Anders*, we reviewed the entire record and ordered supplemental briefing on two additional issues, both of which we review for plain error. Under this standard, our authority to remedy an error is "strictly circumscribed." *Puckett v. United States*, 556 U.S. 129, 134 (2009). In our discretion, we may correct an error not raised in the district court only where the appellant demonstrates: (1) there is in fact an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects

2

the fairness, integrity, or public reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

The first issue, which involves the validity of Taylor's guilty plea and conviction, is whether the magistrate judge violated Taylor's Sixth Amendment right to counsel by conducting part of the plea hearing without Taylor's counsel being present. Even assuming that the magistrate judge plainly erred by conducting the hearing in this manner, Taylor has failed to demonstrate a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009) (discussing plain error in the guilty plea context). Therefore, Taylor is not entitled to set aside his guilty plea and conviction.

The second issue involves the propriety of Taylor's sentence, specifically the lifetime ban on federal benefits imposed by the district court pursuant to 21 U.S.C. § 862(a)(1)(C). That section provides: "Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits." As noted, Taylor was convicted of a drug conspiracy charge, but distribution of a controlled substance is not an element of that offense. *See United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (stating elements of conspiracy to distribute controlled substance). Based on the plain language of the statute, a sentencing court may not impose a ban on federal benefits for a distribution conspiracy offense. *See United States v. McCormick*, 603 Fed. Appx. 194, 196-97 (4th Cir. 2015) ("Because distribution is not an element of the offense to which McCormick pled guilty, we conclude that the district

3

court plainly erred by adjudging McCormick permanently ineligible for federal benefits."). Thus, the district court plainly erred by imposing the § 862(a) ban, and that error affected Taylor's substantial rights. We affirm Taylor's sentence except for the § 862(a) ban on federal benefits. On remand, the sentencing court should therefore modify the previous sentence by deleting the § 862(a) ban.

Based on the foregoing, we affirm Taylor's conviction, vacate the portion of the judgment making Taylor permanently ineligible to receive federal benefits, and remand for correction of the sentence. Counsel must inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

*AFFIRMED IN PART*
*AND VACATED IN PART*