**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4790

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY TAYLOR,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:15-cr-00046-H-1)

Submitted: July 26, 2018                      Decided: August 7, 2018

Before AGEE and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Taylor pleaded guilty to conspiracy to distribute and possess with the intent to distribute heroin, cocaine base, marijuana, and cocaine. The district court sentenced Taylor to 188 months' imprisonment and imposed a lifetime ban on federal benefits. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious issues for appeal, but raising several issues for our review. We affirmed Taylor's conviction but vacated the portion of his judgment making him permanently ineligible to receive federal benefits. *United States v. Taylor*, 698 F. App'x 67, 69 (4th Cir. 2017). On remand, the district court struck the federal benefits ban from Taylor's sentence. Taylor now appeals his amended judgment.

On appeal, counsel has filed another *Anders* brief, questioning whether the appeal waiver in Taylor's plea agreement was knowing and voluntary and whether Taylor received ineffective assistance of counsel. Although notified of his right to do so, Taylor has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

Because we considered Taylor's ineffective assistance of counsel claim and the validity of his appeal waiver during our first *Anders* review, relitigation of these issues is foreclosed by the mandate rule. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (stating mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court"). To the extent Taylor alleges that he received ineffective assistance between remand and resentencing, we generally do not address ineffective assistance of counsel claims on direct appeal unless an attorney's ineffectiveness conclusively appears on the

2

face of the record. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Here, because the record does not conclusively establish ineffective assistance of counsel, such a claim should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*